COBB (HOWE v.). See Case No. 6,767.

COBB (McCLOSKEY v.). See Case No. 8,702.

COBB (UNITED STATES v.). See Case No. 14,820.

COBIN (OWSLEY v.). See Case No. 10,636.

## Case No. 2,926.

COBLENS v. ABEL.

[1 Woolw. 293.][1]

Circuit Court, D. Missouri. Oct. Term, 1868.

OF THE LIABILITY OF INTERNAL REVENUE OFFICERS FOR ILLEGAL ASSESSMENTS, AND WHEN SUITS MAY BE BROUGHT AGAINST THEM THEREFOR.

1. It is but common justice to hold answerable in damages an executive officer who, under color of his office, commits an illegal trespass upon the rights of a citizen.

2. The internal revenue act of July 13, 1866 (14 Stat. 98), contemplates such cases and such prosecutions.

3. But the right to sue for such injuries may be, and in that act is, regulated, so that the action must be brought within, or shall not be brought until the expiration of, a specified time.

4. The object of the provision is to give to the commissioner, who is authorized "to remit, refund, or pay back taxes illegally assessed or collected," and to pay the costs and expenses of suits, and the judgments recovered therein, an opportunity to learn the facts of the case, and determine what is right to be done.

5. If he delays his decision six months after the appeal, the action may then be brought.

At law. On the 14th of May, 1867, Coblens sued Abel in the circuit court of the state of Missouri, for St. Louis county, in respect of a certain illegal assessment, as he alleged, made and collected by the defendant as collector of the internal revenue of the United States. On the 18th of November following, and before a trial of the said suit, Abel sued out of this court a writ of certiorari, for the removal

[1] [Reported by James M. Woolworth, Esq., and here reprinted by permission.]

of the cause, under the act of July 13, 1866 (14 Stat. p. 171, § 67). This being done, on the 9th of May, 1868, the plaintiff filed in this court his declaration in trespass on the case, in which he alleged that the defendant, on the 14th day of May, 1867, as collector of internal revenue of the United States for the first district in Missouri, issued to his deputy his distress-warrant, by virtue whereof the said deputy was about to seize sufficient of the property of the plaintiff, out of which to make $668.92, whereby he compelled the plaintiff to pay that sum, on account of an alleged tax due from the plaintiff to the United States. To which declaration the defendant pled the general issue.

At the present sittings of the court, the cause came on to be tried before the judges, a jury having been waived by the parties. The fact of the distress, and the payment under the same, and under protest, was admitted. The plaintiff introduced evidence to show, and he did prove to the satisfaction of the court, that the return of his income which he had made was an honest one; so that it followed that the assessment made upon him as if it were not honest, was improper. But he did not show, and in fact the record showed, that no appeal had been taken to the commissioner of internal revenue from the action of the assessor and collector, or either of them.

Mr. Krum, for plaintiff.
Mr. Noble, Dist. Atty., for defendant.

MILLER, Circuit Justice, held that the assessor and collector had unjustly and unlawfully collected from the plaintiff the amount alleged in the declaration; and that, but for the provisions of the act of congress, the right of action was made out. The learned judge then read the following sections of the "Act to reduce internal taxation, and to amend an act entitled 'An act to provide internal revenue,'" &c., approved July 13, 1866 (14 Stat. 98):

"That the commissioner of internal revenue, subject to regulations prescribed by the secretary of the treasury, shall be and is hereby authorized, on appeal to him made, to remit, refund, and pay back all taxes erroneously or illegally assessed or collected, all penalties collected without authority, and all taxes that shall appear to be unjustly assessed, or excessive in amount, or in any manner wrongfully collected, and also repay to collectors and deputy collectors the full amount of such sums of money as shall or may be recovered against them, or any of them, in any court for any internal taxes or licenses collected by them, with the costs and expenses of suit, and all damages and costs recovered against assessors, assistant assessors, collectors, deputy collectors, and inspectors, in any suit which shall be brought against them, or any of them, by reason of anything that shall or may be done, in the due performance of their

official duties; and all judgments, and moneys recovered or received for taxes, costs, forfeitures, and penalties, shall be paid to the collector, as internal taxes are required to be paid: provided that where a second assessment may have been made in case of a list statement, or return which, in the opinion of the assessor or assistant assessor, was false or fraudulent, or contained any under statement or under valuation, such assessment shall not be remitted, nor shall taxes collected under such assessment be recovered, refunded, or paid back, unless it is proved that said list, statement, or return was not false or fraudulent, and did not contain any under statement or under valuation." Page 111.

"No suit shall be maintained in any court for the recovery of any tax alleged to have been erroneously or illegally assessed or collected, until appeal shall have been duly made to the commissioner of internal revenue, according to the provisions of law in that regard, and the regulations of the secretary of the treasury, established in pursuance thereof; and a decision of said commissioner shall be had thereon, unless such suit shall be brought within six months from the time of said decision, or within six months from the time this act takes effect: provided that if said decision shall be delayed more than six months from the date of such appeal, then said suit may be brought at any time within twelve months from the date of such appeal." Page 152.

His honor then said, that it was but common justice that an executive officer, who, under cover of the authority with which he is by law invested, commits an illegal trespass upon the rights of a citizen, should be held to answer for the injury he has inflicted in a court of law. Actions of this nature are daily brought and maintained. We should be little inclined to sustain an act which overturned this principle. The sections of the law just read do not do so. The provision first cited clearly contemplates cases of "taxes erroneously or illegally assessed and collected," and "penalties collected without authority." And it also contemplates that suits will be brought against the internal revenue officers for injuries thus sustained, and that judgments for the damages will be recovered; for it provides that the commissioner may repay to them "the full amount of such sums of money as shall or may be recovered against them, or any of them, in any court, for any internal taxes or licenses collected by them, with the costs and expenses of suit, and all damages and costs recovered against assessors, &c., in any suit which shall be brought against them." The case before us is such a case against this plaintiff. Taxes have been "erroneously and illegally assessed and collected," "the full amount" of which he is entitled to "recover against" this defendant.

At the same time, this right of action may be regulated by the government whose officer has transcended his authority. It is competent for it to say how soon the action shall be brought; and equally so, how long a time shall elapse before the action shall be brought. It may provide, and it is highly proper that it should provide, that due time shall be allowed to its officers to inquire into the facts of the case, and determine whether restitution ought to be at once made, or whether the claim should be subjected to a judicial investigation. Especially is this the case when, as here, the restitution is to be made, or the means to satisfy the judgment are to be furnished, out of its own funds. Accordingly, congress has provided that no suit for the causes mentioned above shall be maintained in any court, "until appeal shall have been duly made to the commissioner of internal revenue," and his decision had thereon.

The object of the provision is to afford to that officer an opportunity to inform himself of the facts of the case, and determine what is right in the premises. He is the officer who is "to remit, refund, and pay back the taxes erroneously or illegally assessed or collected." Certainly, nothing can be more proper than that the aggrieved party should bring the facts fully before him, so that he may determine whether he will or will not subject the government to the expenses and costs of suit, which he is also authorized to pay, and which he ought to pay out of the funds of the government. That is what the last cited section required this plaintiff to do, before he subjected the government, whose officer the defendant is, and out of whose treasury the judgment would be paid, to the expenses and costs of this suit. He did not do so. He cannot maintain this action for that reason.

It is no answer to say that the decision of the commissioner may be withheld, and that, as the law requires it to be first had, the right of action, upon the construction which we have given the law, may never accrue. If upon the appeal duly taken to the commissioner, he withholds his decision more than six months, the action may then be brought. This is expressly provided in the act, which says, that "if the decision shall be delayed more than six months from the date of such appeal, then said suit may be brought," &c. The plaintiff has not, by the evidence submitted by him, sustained this action, because he has not appealed to the commissioner, and had his decision on the acts of the collector here complained of, or waited six months for the decision to be made.

The plaintiff took a non-suit.